## STATE V. MONTOYA

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**JOSEPH MONTOYA,**
**Defendant-Appellant.**

NO. A-1-CA-37298

COURT OF APPEALS OF NEW MEXICO

February 20, 2019

APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY, Daniel A. Bryant, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

L. Helen Bennett, P.C., Linda Helen Bennett, Albuquerque, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JENNIFER L. ATTREP, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals from a district court judgment and sentence entered after a jury found him guilty of one count of felony shoplifting and one count of misdemeanor shoplifting. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** **Issue 1:** Defendant continues to claim that the State failed to disclose unedited security surveillance video footage from all camera positions on the two days that the shoplifting incidents took place. [MIO 2] "In order to establish a *Brady* violation, the petitioner must show that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense." *Case v. Hatch*, 2008-NMSC-024, ¶ 44, 144 N.M. 20, 183 P.3d 905 (internal quotation marks and citation omitted).

**{3}** Our calendar notice pointed out that Defendant's docketing statement failed to provide any facts that establish that he satisfied his burden to show a *Brady* violation, and we would not presume error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). Defendant's memorandum does not refer us to specific objections that were raised below, the State's response to these objections, or the district court's basis for any ruling. As such, we conclude that Defendant did not establish that a *Brady* violation actually occurred.

**{4}** **Issue 7:** Defendant continues to claim that he should have been allowed to represent himself. [MIO 5] Our calendar notice observed that Defendant failed to show that he preserved the issue. *See State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)). We also stated that Defendant failed to provide sufficient facts to review the issue. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails "to provide us with a summary of all the facts material to consideration of [his or her] issue, as required by [Rule 12-208(D)(3) NMRA], we cannot grant relief on [that] ground").

**{5}** In his memorandum in opposition, Defendant maintains that he repeatedly told the judge that he was unhappy with counsel and wanted to represent himself. [MIO 6] Again, however, Defendant has not provided sufficient facts to establish error. He has not informed this Court of when he raised the issue with the district court, or what the court's response was. We therefore presume correctness of the district court's ruling, because Defendant has not established that he raised the issue in a timely manner. *See State v. Garcia*, 2011-NMSC-003, ¶ 26, 149 N.M. 185, 246 P.3d 1057 (noting that a defendant must raise the issue in a timely manner and citing case law that holds that raising the issue mid-trial is untimely).

**{6}** **Issues 2, 3, 4, 5, 6, 8, 9:** Defendant has not provided any new argument on these issues. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement).

**{7}** For the reasons set forth above, we affirm.

**{8}** IT IS SO ORDERED.

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**